# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARSON & ROBERTS SITE**
**CONSTRUCTION & ENGINEERING, INC.,**
    **Plaintiff,**

**v.**                                                                  **Civil Action No. 1:14-cv-168**

**SHEEHAN PIPE LINE**
**CONSTRUCTION COMPANY,**
    **Defendant.**

## ORDER/OPINION

This matter is before the Court pursuant to Plaintiff's Motion to Compel Discovery, filed on May 18, 2015. (Docket No. 29.) Defendant filed its response on May 26, 2015. (Docket No. 35.) Plaintiff filed a reply on May 28, 2015. (Docket No. 37.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on May 19, 2015. (Docket No. 31.) On June 1, 2015, the parties appeared via telephone for hearing on Plaintiff's motion.

### I. Relevant Procedural History

On October 9, 2014, Plaintiff filed a Complaint, asserting claims of breach of contract and unjust enrichment/quantum meruit. (Docket No. 1.) Defendant filed an Answer on November 12, 2014. (Docket No. 7.) On March 9, 2015, District Judge Keeley entered a Scheduling Order, in which she directed that discovery in this matter be completed by November 1, 2015. (Docket No. 22.)

On February 2, 2015, Plaintiff served its First Set of Requests for Production of Documents on Defendant. (Docket No. 17.) Defendant served its responses on Plaintiff on March 4, 2014. (Docket No. 20.) In the responses, Defendant stated that they would "disclose responsive documents pursuant to and after the entry of a Protective Order and at Sheehan's offices in Tulsa, Oklahoma at a mutually convenient date and time." (Docket No. 29-2 at 6.) The parties filed the proposed agreed

protective order on May 19, 2015 (Docket No. 30), which Judge Keeley entered that same day (Docket No. 32).

## II. Contentions of the Parties

Plaintiff asserts that Defendant's "refusal to send the documents or even to allow a local copy shop to copy the documents for [Plaintiff] creates an unnecessary burden and expense on [Plaintiff]." (Docket No. 29 at 1.) According to Plaintiff "airfair, mileage, lodging, and attorney's fees while traveling" would be approximately $6,807.70. (Id. at 3.) The cost to ship "14 bankers boxes of documents from Tulsa, Oklahoma, to Martinsburg, West Virginia, is $527.24." (Id.) Plaintiff requests that the Court order Defendant to send the documents to West Virginia for Plaintiff to inspect and copy. (Id. at 5.) Alternatively, Plaintiff requests "that either a copy shop in Tulsa, Oklahoma be permitted to copy the documents and send them to [Plaintiff's] counsel or that [Defendant] pay for round-trip airfare, together with lodgings for [Plaintiff's] counsel to travel to Tulsa, Oklahoma to inspect the documents and attorney's fees for that travel time." (Id. at 5-6.) Plaintiff "agrees to pay for copy costs regardless of the outcome of this motion." (Id. at 5.)

Defendant raises the following arguments to oppose Plaintiff's motion:

1. Sheehan's responses to Carson & Roberts' document production requests complied with its obligations under Federal Rule of Civil Procedure 34 so that no basis exists to order the relief requested by Carson & Roberts;

2. The costs of wholesale reproducing the entire project file exceed the costs associated with an inspection of the documents; and

3. Carson & Roberts failed to timely initiate this motion to compel.

(Docket No. 35 at 4-8.)

In reply, Plaintiff argues that "Sheehan, as a responding party, cannot demand that [Plaintiff's] counsel fly to its offices in Oklahoma in order to view documents requested in

2

discovery." (Docket No. 37 at 2.) Plaintiff believes that "its request to inspect the documents in West Virginia is reasonable and cost efficient relative to viewing the documents in Oklahoma," and that it is willing to pay for the copy of the file. (Id. at 3.) Plaintiff asserts that it will treat "all documents as confidential" and that Defendant "does not need to take the added expense of marking each document as confidential." (Id.) Finally, Plaintiff alleges that it should "not be penalized for bringing its motion to compel after ongoing negotiations fell apart," as it "did not receive a definitive refusal of its request to copy until April 30, 2015." (Id.)

### III. Analysis

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The scope and conduct of discovery . . . are within the sound discretion of the district court." Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988). When a motion to compel is filed, the party opposing the motion bears the burden of showing why it should not be granted. See Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

*A. Timeliness of Plaintiff's Motion*

Local Rule of Civil Procedure 37.02(b) provides as follows:

A motion to compel, or other motion in aid of discovery, is deemed waived if it is not filed within thirty (30) days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party.

3

In any event, the moving party must show good cause to delay the trial or modify the scheduling order.

The projected date for Plaintiff's motion to compel to be filed was April 4, 2015. The instant motion was not filed until May 18, 2015. However, the parties agreed that entry of the agreed protective order, which was not done until May 19, 2015, was a prerequisite to Defendant's production of the requested documents. Furthermore, the parties were engaged in substantive discussions until at least May 6, 2015, regarding the issue of how production and inspection would occur. There is no evidence before the Court that the parties stopped trying to reach a compromise solution; rather, in the spirit of the Local Rules, the parties were still trying to resolve the issue of how best to have the documents produced at a reasonable cost. Given this, the undersigned finds that the motion is timely filed. Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 198 (N. D. W. Va. 2000) (allowing a motion to compel after thirty days when the parties were discussing the answers and the plaintiff indicated she would provide a response soon).

B.   *Place and Costs of Production and Inspection*

At the hearing, the parties agreed that the total cost for Plaintiff to travel to Tulsa, Oklahoma, to examine the documents was approximately $6,807.70. They further agreed that there are fourteen (14) bankers' boxes worth of responsive documents located at Defendant's offices in Tulsa. They also agreed that the total cost for copying, Bates stamping, marking "Confidential," transferring to an electronic searchable format, and shipping were approximately $10,710.

Upon consideration of the parties' arguments, the Court adopts the position that the parties indicated would be the most "comfortable" to them. Counsel for Plaintiff admitted, and the Court agrees, that his review of the documents would be more efficient should that review take place at his office in West Virginia. Counsel for Defendant admitted he would not advise his Defendant or any

4

client to send originals of file documents. Instead, he would only send copies of original documents after being Bates stamped and marked "Confidential." Counsel for Plaintiff agreed that process was the process he used with respect to client documents. Counsel for Plaintiff represented he would be comfortable paying one-half (½) of the cost of Bates stamping, marking confidential, copying to a digitalized searchable format (cost approximated at $10,710.00). Counsel for Defendant represented he would be comfortable paying the other one-half (½) of that cost. The process that both counsel represented they were comfortable with allows for the Defendant to control his own documents; allows for the Defendant to select the non-party contractor to do the copying and thereby have an entity Defendant selected accountable to Defendant for confidentiality of the documents during the copying process; allows for Defendant's counsel and Plaintiff's counsel to each have a searchable digitalized copy of the documents in Defendant's file; prevents Defendant from discovering Plaintiff's counsel's strategy by knowing what documents Plaintiff selects for use in the case; allows for the sharing of the costs such that neither party is paying the full cost of copying or of going to the place where the documents are stored to inspect and select relevant documents for copying. Accordingly, the Court finds that Plaintiff should not be required to travel to Tulsa to inspect fourteen (14) bankers' boxes worth of documents. Instead, Defendant shall work with the copy shop in Tulsa to reproduce the documents.

Accordingly, Defendant shall have until July 31, 2015, to select and contract for the Bates stamping, marking as "confidential" and copying to digitalized searchable format all of the documents in Defendant's file and producing said documents as digitalized in a searchable thumb drive or other device to Plaintiff. Defendant shall submit to Plaintiff the invoice from the contract provider who copied the documents and provided duplicate thumb drives or other devices containing the digitalized documents in searchable format and Plaintiff shall forthwith pay one-half of the cost

thereof.

Usually, "the presumption is that the responding party must bear the expense of complying with discovery requests." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). As noted above, it would have cost Plaintiff approximately $6,807.70 to travel to Tulsa to inspect the documents. However, because that cost is no longer necessary, the Court finds that it is fair to direct that the parties equally share the costs of inspection and production. Accordingly, as herein provided, the parties shall each be responsible for approximately one-half (½) of production costs (estimated at $5,400.00 each).

## **IV.** **Conclusion and Order**

For the foregoing reasons, Plaintiff's "Motion to Compel Discovery" (Docket No. 29) is **GRANTED IN PART** and **DENIED IN PART**. Defendant is **ORDERED** to provide the copied documents as set forth in this order to Plaintiff no later than **July 31, 2015**[1]. The parties shall equally split the costs involved with production of the documents, including copying, Bates numbering, marking "Confidential," transfer to an electronic searchable form, and shipping. The parties shall suffer their own costs incident to the motion to compel.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order/Opinion to counsel of record.

DATED: June 2, 2015

>  */s/ John S. Kaull*
>  JOHN S. KAULL
>  UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Order prohibits Defendant from completing the task of copying and delivering the documents prior to July 31, 2015 in order to meet the other deadlines (including expert witness disclosures) in the Court's Scheduling Order.